UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY DEAN ZELLERS, JR.,

    Plaintiff,                          Hon. Hala Y. Jarbou

v.                                          Case No. 1:24-CV-499

FIFTH-THIRD BANK,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff initiated this action against Fifth-Third Bank. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

    A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

1

662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff alleges that he is presently incarcerated in the St. Joseph County Jail in South Bend, Indiana, on charges involving fraud and/or embezzlement of an account at Fifth-Third Bank.   Plaintiff alleges that, had Fifth-Third known or understood certain relevant facts, it would "have not got charges brought up on" him.   It is not entirely clear whether Plaintiff has already been convicted or is simply awaiting trial.   The Court need

not resolve this question, however, as in either circumstance this matter must be dismissed.

To the extent Plaintiff is challenging a criminal conviction secured in a state court, Plaintiff must first exhaust his available appeals in state court before seeking relief in federal court. *See* 28 U.S.C. § 2254(b). To the extent Plaintiff is challenging his current or pending prosecution, the Court declines to intervene in an ongoing state criminal prosecution. As has long been recognized, federal courts should abstain from interfering in on-going state criminal matters "unless extraordinary circumstances are present." *Marjamaa v. Mitchell*, 2019 WL 5853486 at *1-2 (W.D. Mich., Nov. 8, 2019) (citing *Younger v. Harris*, 401 U.S. 37, 44-55 (1971)). Plaintiff's allegations fall well short of establishing the sort of extraordinary circumstances that would justify interference by this Court in an on-going state criminal matter. *Marjamaa*, 2019 WL 5853486 at *2. Accordingly, the undersigned recommends that this matter be dismissed for the reasons articulated herein.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted and because the circumstances do not warrant interference by this Court in Plaintiff's on-going state court criminal matter. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445

(1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 17, 2024　　　　　　　　　　　/s/ Phillip J. Green
　　　　　　　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge